UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE DIAZ,

       Plaintiff,

v.                                                                      Case No.  6:13-cv-1869-Orl-37TBS

CITY OF ORLANDO, THE ORLANDO
POLICE DEPARTMENT,

       Defendants/Third Party Plaintiff,

v.

HUB CITY ENTERPRISES, INC.,

       Third Party Defendant.
_____/

## ORDER

      This case comes before the Court on the City of Orlando's Motion for Time Extension for the Limited Purpose of Deposing Hub City Enterprises, Inc.'s Corporate Representative (Doc. 35).  Plaintiff opposes the motion (Doc. 36).

      Third Party Defendant Hub City Enterprises, Inc., allegedly hosted a street party in downtown Orlando.  (Doc. 3, ¶¶ 9-10).  Hub City employed off-duty Orlando Police Officers to provide security for the street party.  (Id., ¶ 16).  During the street party, certain off-duty officers arrested Plaintiff and charged him with trespass and disorderly conduct.  (Id., ¶ 16).  While Plaintiff was in custody, he was allegedly threatened with a Taser and struck in the head with a baton by one of the off-duty officers.  (Id., ¶ 17).  Plaintiff, who was never formally charged with any wrongdoing, alleges that he was injured by the off-duty officers' over-aggressive actions.  (Id., ¶¶ 18-19).

Plaintiff filed claims of negligence against Hub City and Co-Defendant, The Other Bar, LLC in the state court.  (Doc. 1-10 at 75).  While the action was pending in state court, Plaintiff deposed the corporate representative of Hub City.  (Docs. 35-36). On October 22, 2013, Plaintiff amended his complaint to add Defendants City of Orlando and The Orlando Police Department .[1]  On November 11, 2013 a joint notice of voluntary dismissal of Plaintiff's claim against The Other Bar, LLC was filed and on November 13, 2013, the state court granted Hub City's motion for summary judgment. (Id., ¶ 4).  On December 4, 2013, the City removed the case to this Court.  (Doc. 1). On February 6, 2014, the Court entered its Case Management and Scheduling Order ("CMSO") which established, *inter alia*, a November 7, 2014 deadline to complete all discovery and a December 8, 2014 deadline to file dispositive and *Daubert* motions. (Doc. 18).  On March 13, 2014, the City filed its third party complaint for indemnification and/or contribution against Hub City.  (Doc. 20).  Now, the City wants to take a FED. R. CIV. P. 30(b)(6) deposition of Hub City, which does not object.  (Doc. 35, ¶¶ 2-3).  However, Hub City's corporate representative is not available until after the discovery deadline.  (Id.).  Hub City has agreed to a short extension of the deadline so that the deposition can be taken, but Plaintiff objects.  (Id., ¶¶ 3-4).

The CMSO provides in part that: "Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored.  The deadline will not be extended absent a showing of good cause.

---

[1] Counsel for the City of Orlando advises that The Orlando Police Department is not a legal entity capable of being sued under Florida law.  Rather, it is a integral part of the City government. (Doc. 1 at ¶ 2).

Fed. R. Civ. P. 16(b); Local Rule 3.09(a).  Failure to complete discovery within the time established by this Order shall not constitute cause for continuance." (Doc. 18, ¶ II.B.2.).  The CMSO controls the course of the case unless it is modified "for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee's note).  Accordingly, "due diligence" is the standard the Court applies in deciding Plaintiff's motion.  Shehada v. City of Miami Beach, Fla., Case No. 11-22051-CIV, 2012 WL 3801726 at * 2 (S.D. Fla. Aug. 30, 2012) ("If the court finds that the party lacked due diligence, then the inquiry into good cause is ended."); Lord v. Fairway Electric Corp., 223 F.Supp.2d 1270, 1278 (M.D. Fla. 2002) ("Absent a showing of diligence on the part of a party seeking to extend deadlines contained in the scheduling order, the court-ordered schedule should not be disturbed."); Moyer v. Walt Disney World Co., 146 F.Supp.2d 1249, 1252 (M.D. Fla. 2000) (prejudice is immaterial in determining whether there is good cause under Rule 16).

The City's motion fails to address the issue of due diligence.  Because the City has failed to present evidence or make representations that it has acted diligently to obtain the Rule 30(b)(6) deposition of Hub City prior to the current discovery deadline, its motion is DENIED.

**DONE AND ORDERED** in Orlando, Florida, on October 27, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel