**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOSE DIAZ,

       Plaintiff,

v.                                Case No. 6:13-cv-1869-Orl-37TBS

CITY OF ORLANDO; and THE
ORLANDO POLICE DEPARTMENT,

       Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendant City of Orlando's Motion for Summary Judgment and Memorandum of Law (Doc. 39), filed December 8, 2014;

2. Plaintiff's Opposition to Motion for Summary Judgment as to Count III (Doc. 41), filed December 22, 2014; and

3. Defendant City of Orlando's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 43), filed January 5, 2015.

Upon consideration, the Court finds that the Motion is due to be granted in part.

**BACKGROUND**

This action arises out of an April 17, 2010 altercation in downtown Orlando's Wall Street Plaza, during which two officers of the Orlando Police Department allegedly used excessive force while arresting Plaintiff. (*See* Doc. 3, ¶¶ 6–21; Doc. 39, pp. 1–2, 4–6; Doc. 41, pp. 3–12.)

Plaintiff initially filed suit in state court, asserting only state-law claims against Hub City Enterprises, Inc. ("Hub City") and The Other Bar, LLC ("Other Bar"), two Wall Street

Plaza businesses. (Doc. 1, ¶ 1; Doc. 1-10, p. 75.) On October 22, 2013, Plaintiff amended his complaint to add the City of Orlando ("City") and the Orlando Police Department as Defendants, against which he asserts two claims: (1) a state-law "*respondeat superior* and/or . . . vicariously liability" excessive-force claim ("Count III"); and (2) a 42 U.S.C. § 1983 Fourth Amendment excessive-force claim ("Count IV"). (*See* Doc. 3, ¶¶ 30–56.) Plaintiff served the City on November 4, 2013, and the City timely removed the action on December 4, 2013, invoking the Court's federal-question jurisdiction. (*See* Doc. 1, ¶ 2.) In the interim between service and removal, Plaintiff dismissed his claim against Other Bar (*see* Doc. 4) and the state-court judge granted summary judgment in favor of Hub City on the only claim raised against it (*see* Doc. 5). Accordingly, the only claims remaining in this action are those raised against the City in Counts III and IV.[1]

The City now moves for summary judgment on both of Plaintiff's remaining claims. (*See* Doc. 39.) Plaintiff opposes as to Count III, but he concedes that the Court should grant the City's Motion as to Count IV. (*See* Doc. 41.) The matter is now ripe for the Court's adjudication.

**STANDARDS**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant carries its burden by showing that there is

---

[1] Although Plaintiff named both the City and the Orlando Police Department as separate Defendants, the City maintains that they are one in the same for purposes of this action. (*See* Doc. 1, ¶ 2; Doc. 39, pp. 1–2.) Plaintiff has not responded to the City's argument. (*See* Doc. 41.) In any event, Plaintiff served only the City (*see* Doc. 1-1, p. 40), and the Orlando Police Department never independently appeared, so the City is the only Defendant currently involved in this action.

an absence of evidence supporting the non-movant's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

**DISCUSSION**

Both parties agree that the City is entitled to summary judgment on Count IV, Plaintiff's § 1983 claim. (*See* Doc. 39, pp. 6–11; Doc. 41, p. 14; Doc. 43, p. 2.) Municipal liability under § 1983 requires proof of an official custom or policy that led to the claimed injury, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978), which Plaintiff concedes he cannot produce (*see* Doc. 41, p. 14). Accordingly, the Court finds that the City's Motion for summary judgment is due to be granted as to Count IV.

Resolution of Count IV disposes of the only claim over which the Court would have had original jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Doc. 3.) Under such circumstances, 28 U.S.C. § 1367(c)(3) permits district courts to decline to exercise supplemental jurisdiction over any remaining claims. *See, e.g.*, *Draper v. Reynolds*, 369 F.3d 1270, 1282 (11th Cir. 2004) (affirming a district court's decision to remand state-law claims after entering summary judgment in a defendant's favor on all federal claims). In this case, only Count III remains. (*See* Doc. 3, ¶¶ 30–33.) Count III—which was never challenged at the pleading stage—is not a model of clarity; it purports to assert an "excessive force" tort claim against the City under a *respondeat superior* or vicarious liability theory. (*See id.*) Plaintiff maintains that Florida Statute § 768.28—which pertains to state sovereign immunity—creates a cause of action for such a claim. (*See* Doc. 41, p. 15.) In the Court's experience, Plaintiff's use of § 768.28 is, to say the least, novel.

Nevertheless, in light of the extensive record already developed in this case at the state-court level (*see* Doc. 1), and given that Florida law recognizes that the application of excessive force during the course of an arrest can be tortious, *see City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. 3d DCA 1996) ("If excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery."), the Court finds that the viability of Plaintiff's state-law claim would be best addressed in the first instance by the state court. The Court therefore declines to exercise supplemental jurisdiction over Count III.

As there is no just reason for delay, the Court will grant the City's Motion as it pertains to Count IV and will enter judgment in the City's favor on that Count. *See* Fed. R. Civ. P. 54(b). The Court will deny the remainder of the City's motion without prejudice to its reassertion in state court, where this action will be remanded.[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant City of Orlando's Motion for Summary Judgment and Memorandum of Law (Doc. 39) is **GRANTED IN PART AND DENIED IN PART**.

    a. The motion is **GRANTED** as to Count IV. (*Id.* ¶¶ 34–56.)

    b. In all other respects, the motion is **DENIED WITHOUT PREJUDICE**.

2. Pursuant to Federal Rule of Civil Procedure 54(b), the Clerk is **DIRECTED** to enter judgment in favor of the City of Orlando and against Plaintiff Jose

---

[2] Defendant concedes that the Court has the discretion to remand this action to state court for further proceedings. (*See* Doc. 43, p. 5.)

4

> Diaz on Count IV of the Amended Complaint (Doc. 3, ¶¶ 34–56).

3. Pursuant to 28 U.S.C. § 1367(c)(3), the Court **DECLINES** to exercise supplemental jurisdiction over the remainder of this action, which is **REMANDED** to the Ninth Judicial Circuit, in and for Orange County, Florida.

4. The Clerk is **DIRECTED** to terminate all remaining deadlines and to close the file.[3]

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 26, 2015.

     *[signature]*
     ROY B. DALTON JR.
     United States District Judge

Copies:

Counsel of Record

The Ninth Judicial Circuit, in and for
Orange County, Florida

---

[3] For clarity, the Court notes that the City had previously filed a Third-Party Complaint against Hub City. (*See* Doc. 20.) On December 31, 2014, the City and Hub City filed a "Joint Stipulation of Voluntary Dismissal with Prejudice as to Third Party Complaint Only" (Doc. 42), which the Court construes as a Rule 41(a)(1)(A)(ii) stipulated dismissal of the Third-Party Complaint. Such dismissals are "self-executing" and dismiss the referenced pleading upon filing. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). Accordingly, the third-party portion of this case has been resolved, and the Clerk is **DIRECTED** to close this case's file in its entirety.